IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN K. COIL and<br>AVE, INC.,<br>Plaintiffs,<br><br>v.<br><br>JOHN A. COIL,<br>Defendant. | Case No. 20–CV–01173–JPG |

**MEMORANDUM & ORDER**

This is a father-son dispute over the ownership of AVE, Inc. and the supposed theft of millions of dollars. Before the Court are Defendant John A. Coil's ("son's") Motion to Realign, (ECF No. 2), and Motion to Dismiss, (ECF No. 13); and Plaintiff John K. Coil's ("father's") Motion to Remand, (ECF No. 9). For the reasons below, the Court **STAYS** this case until either the Texas state court or the Southern District of Alabama determines the ownership of AVE, Inc., and **ORDERS** the litigants to file a status report by August 24, 2021.

**I.   PROCEDURAL & FACTUAL HISTORY**

According to his Amended Complaint, the father is an Illinois citizen and "the sole shareholder in AVE, Inc., a Texas Corporation with its principal place of business in Wood River, Madison County, Illinois." (Am. Compl. 1, ECF No. 1-1). His son, on the other hand, "neither owns any shares of stock of AVE, nor does he have any legal or equitable interest in said company." (*Id.* at 2). Rather, the father says that his son "suffers from severe mental issues" and "may or may not actually reside[] in Illinois, Colorado, Texas or Florida, depending on the day." (*Id.* at 2, 5).

In 2019, the father sued his son in the Third Judicial Circuit Court in Madison County, Illinois. (*See id.* at 1). In short, he claims that his son "has, on multiple occasions stolen money from AVE, purported to sell property of AVE, purported to change registered agents of AVE, purported to enter into contracts on behalf of AVE, and generally acted contrary to the rights of [the father] and AVE." (*Id.* at 1–2). In Count I, the father seeks a finding that he is "the sole and exclusive shareholder and owner of AVE, Inc." and that his son "is devoid of any and all shares of stock of AVE, Inc., has no legal or equitable interest in AVE, Inc., and . . . has no office, title or authority of or under AVE, Inc." (*Id.* at 2). In Count II, the father, purporting to act on AVE Inc.'s behalf, seeks $3 million in compensatory damages for his son's alleged violation of the "duty not to claim ownership or affiliated with AVE, Inc., when none existed, and not to steal funds from AVE, Inc., including stealing them from Wood River, Illinois, at AVE, Inc., headquarters." (*Id.* at 3).

The son removed the case to this Court based on diversity jurisdiction. (Notice of Removal 3–4, ECF No. 1). Although the son and AVE Inc. are Texas citizens, which would otherwise disrupt diversity, the son asks the Court to "realign AVE as a defendant" given that his father "has never owned stock in AVE" and the son "owns all stock in the company." (Son's Mot. to Realign at 2–4). Further, he asserts that his father is a felon who, in pleading guilty to transportation of obscene materials and mail fraud, "forfeited 'any and all ownership in or other interest' he had in AVE, including 'any partnership interest therein, stock, inventory, fixtures.'" (*Id.* at 3) (quoting *AVE, Inc. v. Comal Cty.*, No. 03-05-00183-CV, 2008 WL 2065857, at *2 (Tex. Ct. App. May 14, 2008)).

The son also moved to dismissal on other grounds. (*See* Son's Mot. to Dismiss at 3–20). For one, he says that this Court lacks personal jurisdiction over him, a Texas citizen with "no connection to Illinois . . . ." (*Id.* at 7). He then provides several arguments about why his father's Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 8–11). Finally, the son asserts that dismissal is appropriate because there are already two other cases—one in Texas state court and the other in the Southern District of Alabama—in which the question of who owns AVE, Inc. will be resolved. (*Id.* at 11–19). Naturally, the father disagrees, (Father's Resp. to Son's Mot. to Dismiss 1, ECF No. 22); and he moved to remand, (Father's Mot. to Remand at 1).

## II.   LAW & ANALYSIS

Generally, federal courts have an "unflagging obligation" to adjudicate otherwise justiciable cases within their subject-matter jurisdiction. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) [hereinafter *Colorado River*]. So "as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . .' " *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). As a result, "district courts must point to 'exceptional circumstances' to justify staying or dismissing federal proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995) (quoting *Colorado River*, 424 U.S. at 813).

Two exceptions to that rule are relevant here. First, "[u]nder what is known as the *Wilton*/*Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *R.R. St. & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009) (citing *Wilton*, 515 U.S. at 288; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942)). In brief,

"[d]istinct features of the Declaratory Judgments Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* . . . ." *Wilton*, 515 U.S. at 286.

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id.* at 288. This exception therefore "applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). "Two actions are parallel when substantially the same parties are contemporaneously litigating the same issues in two fora." *Id.* at 987. "The fact that the parties are part of a third-party suit, rather than an original action . . . , does not affect the analysis of whether they are parallel." *Id.* Several factors must ultimately "guide the court's discretion, including 'the scope of the pending state court proceeding' and 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding.' " *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart*, 316 U.S. at 495). "This is an inherently discretionary call for the district court, 'because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp.' " *Id.* (quoting *Wilton*, 515 U.S. at 289). *See generally* 17A Moore's Federal Practice §§ 122.94, 122.96 (3d ed. 2021) (discussing *Wilton*/*Brillhart* abstention and distinguishing the "more exacting" *Colorado River* standard).

Similarly, "[a]s between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River*, 424 U.S. at 817 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). As alluded, "[t]he Federal Declaratory Judgments Act, facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts." *Kerotest Mfg. Co.*, 342 U.S. at 183.

> Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

*Id.* at 183–84.

For all that, pointing only to the Court's "unflagging obligation" and a Supreme Court case applying *Colorado River*, the father ignores the applicability of *Wilton*/*Brillhart* abstention. While the Amended Complaint does not affirmatively state a cause of action, Count I calls for a finding—a declaratory judgment—that the father is "the sole and exclusive shareholder and owner of AVE, Inc." and that his son "is devoid of any and all shares of stock of AVE, Inc., has no legal or equitable interest in AVE, Inc., and . . . has no office, title or authority of or under AVE, Inc." Indeed, the father says that he "seeks declaration of rights . . . ." (Father's Resp. to Son's Mot. to Dismiss at 1). Count I clearly implicates the Declaratory Judgments Act, which authorizes district courts to "declare the rights and other relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. Yet in a Texas state court suit, the son is similarly seeking a declaratory judgment that he "is the sole shareholder, sole director and the President of AVE . . . ." Pl.'s First Am. Petition & Request for Declaratory J. at 9, *Coil v. Eastbay, Inc.*, No. DC-19-01235 (Tex. 68th Dist. June 25, 2020). So too in the Southern District of Alabama: Although that case

involves a non-party here, Renasant Bank, the heart of the dispute is the son's crossclaim for "a declaratory judgment that [he] . . . has ownership and authority over the property of AVE, Inc. . . . ." First Am. Crossclaim at 1, *Renasant Bank v. AVE, Inc.*, No. 1:19-CV-00733-CG-MU, ECF No. 34 (S.D. Ala. June 5, 2020). Moreover, that court has already devoted significant judicial resources to making sense of the complexities of this case—in December 2020, the court held that it has jurisdiction over the crossclaim and will proceed with adjudication. *See* R. &. R. at 8–12, *Renasant Bank v. AVE, Inc.*, No. 1:19-CV-00733-CG-MU, ECF No. 57 (S.D. Ala. Nov. 4, 2020); Order at 1, *Renasant Bank v. AVE, Inc.*, No. 1:19-CV-00733-CG-MU, ECF No. 69 (S.D. Ala. Dec. 9, 2020) (adopting R. & R.). While the father argues that the Southern District of Alabama's finding of jurisdiction was "dubious" and unlikely to "survive appellate review," (Father's Resp. to Son's Mot. to Dismiss at 4–5), that is not for this Court to decide. Rather, abstention is appropriate here to conserve scarce judicial resources and provide a comprehensive disposition of litigation.

   Finally, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. The Court will therefore stay this case until either the Texas state court or the Southern District of Alabama determines the ownership of AVE, Inc.

III.   **CONCLUSION**

The Court **STAYS** this case until either the Texas state court or the Southern District of Alabama determines the ownership of AVE, Inc., and **ORDERS** the litigants to file a status report by August 24, 2021.

**IT IS SO ORDERED.**

**Dated: Monday, March 1, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
